| | |
|---|---|
| **DISTRICT COURT, MORGAN COUNTY, STATE OF COLORADO**<br>400 Warner Street, Fort Morgan, CO 80701 | DATE FILED: May 30, 2017 3:40 PM<br>FILING ID: 778FE3E37D9D1<br>CASE NUMBER: 2017CV30047 |
| **ELIZABETH RAMOS,**<br>**Plaintiff**<br><br>v.<br><br>**PLAN DE SALUD DEL VALLE, INC., d/b/a SALUD FAMILY HEALTH CENTERS, INC., a Colorado Nonprofit Corporation,**<br>**Defendant.** | **Δ COURT USE ONLY Δ** |
| Attorney for Plaintiff:<br>Kelli R. Riley, Esq. Atty. Reg. # 44828<br>RILEY LAW LLC<br>2005 West 9th Street, Suite 6<br>Greeley, Colorado 80631<br>Telephone: 970-301-1350   Fax: 970-797-1226<br>kelli@RILEYLAWLLC.com | Case Number:<br><br>Division:<br><br>Ctrm: |
| **COMPLAINT** | |

    Plaintiff Elizabeth Ramos, by and through her counsel, Kelli R. Riley, hereby files this complaint against PLAN DE SALUD DEL VALLE, INC., d/b/a SALUD FAMILY HEALTH CENTERS, INC. ("Defendant"). In support of this complaint, Plaintiff states the following:

## STATEMENT OF THE CASE

    1.   Plaintiff was an employee of Defendant. Following a medically diagnosed disability, Ms. Ramos requested reasonable, available accommodations from her employer, which Defendant denied. Plaintiff took medical leave to get her medical condition under control and Defendant terminated her employment shortly after returning from leave.  Plaintiff brings claims for wrongful termination in violation of public policy and discrimination on the basis of an actual disability.

## PARTIES, JURISDICTION, AND VENUE

    2.   Plaintiff is a resident of Log Lane Village, Colorado, a statutory town in Morgan County, near Fort Morgan, Colorado.

    3.   Defendant is a Colorado nonprofit corporation.

    4.   Defendant has its principal place of business in Fort Lupton, Colorado.

EXHIBIT  A

5.   Venue is proper because Defendant is a corporation that has a location in Morgan County, C.R.C.P. 98(c)(1), Morgan is the county designated in the complaint, C.R.C.P. 98(c)(1), and this is an action arising from acts that were committed in Morgan County, C.R.C.P. 98(c)(5).

## FACTS

6.   Defendant is a low-cost health care service provider with approximately fifteen locations throughout northern Colorado including, as pertinent here, Fort Morgan, Colorado.

7.   Defendant employed Plaintiff from 2007 to approximately October 30, 2015.

8.   Plaintiff was employed as a medical assistant and, beginning in 2014, an Immunization Coordinator.  Plaintiff performed her job duties satisfactorily.

9.   On or about July 22, 2015, Plaintiff received a medical diagnosis, severe eczema on both hands, that required her to wash her hands less frequently for at least three weeks. Her medical provider determined that the eczema was aggravated by her work.  On or about that same day, Plaintiff requested Sandalyn Garcia, the Medical Support Manager, accommodate her disability by allowing Plaintiff to limit her hand washing to four times per day, consistent with orders from Plaintiff's doctor.

10. Defendant, through its agent Sandalyn Garcia, unreasonably denied Plaintiff's reasonable request for accommodation.

11. Plaintiff could accomplish her essential job functions with temporary accommodations from Defendant and Defendant would not be unduly burdened by any of the accommodations available to Plaintiff.

12. Due to Defendant's denial of Plaintiff's accommodation request, Plaintiff took medical leave on or about August 4, 2015.  Plaintiff was placed on short term disability and worker's compensation.

13.  When Plaintiff attempted to return to work, she was told that she still could not be accommodated and would likely lose her job if she continued to ask for accommodations.

14.  Defendant terminated Plaintiff's employment on or about October 30, 2015.

15.  On or about December 2, 2015, Plaintiff began employment at Banner Health in a virtually identical position.  Banner Health has reasonably accommodated Plaintiff's condition at no burden to the clinic.

## FIRST CLAIM FOR RELIEF
(Wrongful Discharge in Violation of Public Policy)

16. Plaintiff hereby incorporates all allegations of the Complaint as though fully set forth herein.

17. Plaintiff is granted the specific right as a worker to apply for and receive medical treatment and compensation under the Workers' Compensation Act of Colorado, Colorado Revised Statutes, section 8-40-101, *et seq.*

18. Plaintiff exercised an important job-related right when she applied for medical treatment and compensation for her work-related injuries.

19. Defendant was aware that Plaintiff applied for medical treatment and compensation for her work-related injuries.

20. Defendant terminated Plaintiff for doing so, in violation of public policy.

21. As a direct and proximate result of Defendant's wrongful retaliatory termination of Plaintiff's employment, Plaintiff has sustained damages, including, without limitation, past and future wage and benefit losses, reputational damages, emotional distress, inconvenience, humiliation, and mental suffering.

## SECOND CLAIM FOR RELIEF
(Discrimination on the Basis of a Disability-CADA)

22. Plaintiff hereby incorporate all allegations of the Complaint as though fully set forth herein.

23. Plaintiff is a member of a protected group, that is, she is or was, at the time of termination from employment, a disabled individual as defined by the Colorado Anti-Discrimination Act C.R.S. §24-34-401(3) *et seq.*

24. Plaintiff was also perceived or regarded by Defendant as disabled due to her severe eczema that was not under control even with medication.

25. Plaintiff's disability substantially limited her in one or more major life activities, and Defendant regarded her as being substantially limited in one or more major life activities due to her disability.

26. Plaintiff was otherwise qualified for the position she was performing, and was performing her job in a satisfactory manner.

27. When Plaintiff requested the reasonable accommodations of reduced handwashing and a non-alcohol-based hand sanitizer, Defendant repeatedly denied the requests.  Defendant failed to

make any reasonable accommodation for Plaintiff's disability. These reasonable accommodations would not have placed any undue hardship on the Defendant.

28. Plaintiff filed a Charge of Discrimination with the EEOC and CCRD on or about November 23, 2015 based on illegal disability discrimination in violation of the Americans with Disabilities Act of 1990. She received a "right to sue" letter from the EEOC on or after March 6, 2017.

29. Defendant consciously and purposefully discriminated against Plaintiff because of her disability in violation of CADA by refusing to provide reasonable accommodations or even engage in the interactive process, and by discharging her from her employment.

30. Based on Defendant's knowing and willful failure to accommodate Plaintiff's disability, and Plaintiff's repeated requests for accommodation, Defendant took the adverse action of termination.

## THIRD CLAIM FOR RELIEF
(Discrimination on the Basis of a Disability-ADA)

31. Plaintiffs hereby incorporate all allegations of the Complaint as though fully set forth herein.

32. Plaintiff hereby incorporate all allegations of the Complaint as though fully set forth herein.

33. Plaintiff is a member of a protected group, that is, she is or was, at the time of termination from employment, a disabled individual as defined by the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12102(2).

34. Plaintiff was also perceived or regarded by Defendant as disabled due to her severe eczema that was not under control even with medication.

35. Plaintiff's disability substantially limited her in one or more major life activities, and Defendant regarded her as being substantially limited in one or more major life activities due to her disability.

36. Plaintiff was otherwise qualified for the position she was performing, and was performing her job in a satisfactory manner.

37. When Plaintiff requested the reasonable accommodations of reduced handwashing and a non-alcohol-based hand sanitizer, Defendant repeatedly denied the requests. Defendant failed to make any reasonable accommodation for Plaintiff's disability. These reasonable accommodations would not have placed any undue hardship on the Defendant.

38. Plaintiff filed a Charge of Discrimination with the EEOC and CCRD on or about November 23, 2015 based on illegal disability discrimination in violation of the Americans with Disabilities Act of 1990. She received a "right to sue" letter from the EEOC on or after March 6, 2017.

39. Defendant consciously and purposefully discriminated against Plaintiff because of her disability in violation of the Americans with Disabilities Act of 1990, as amended, by refusing to provide reasonable accommodations or even engage in the interactive process, and by discharging her from her employment.

40. Based on Defendant's knowing and willful failure to accommodate Plaintiff's disability, and Plaintiff's repeated requests for accommodation, Defendant took the adverse action of termination.

## DOCUMENT PRESERVATION

41. As part of discovery, Plaintiff will be requesting certain documents and information from Defendant.  Please note the document preservation instructions attached hereto.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in favor of them and against Defendant as follows:
1. Awarding Plaintiff declaratory and/or injunctive relief as permitted by law or equity;
2. Awarding Plaintiff all economic and non-economic damages;
3. Awarding Plaintiff her compensatory damages, attorneys' fees and litigation expenses as provided by law;
4. Awarding Plaintiff her pre-judgment, post-judgment and moratory interest as provided by law;
5. Awarding Plaintiff statutory penalties as provided by law;

Respectfully submitted this 30th day of May, 2017.

_Kelli Riley_

Kelli R. Riley, Reg. #44828
RILEY LAW LLC
2005 West 9th Street, Suite 6
Greeley, Colorado 80631

*Counsel for Plaintiff*

Address of Plaintiff:
206 Larch Dr.
Log Lane Village, CO 80705

5